**JAVERBAUM WURGAFT HICKS KAHN
WIKSTROM & SININS**
Park Place Legal Center
959 South Springfield Avenue
Springfield, New Jersey 07081
Telephone No. (973) 379-4200
Attorneys for Plaintiffs

U.S. DISTRICT COURT

2010 JAN 21 A 9: 15

---

Plaintiffs

ROBIN RUGGIERO and
ANDREW RUGGIERO

vs.

Defendants

UNITED STATES OF AMERICA, OCEAN
HEALTH INITIATIVES, INC. and DR.
KALA SHANKAR

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CIVIL ACTION NO.:

**CIVIL ACTION**

**MEDICAL MALPRACTICE COMPLAINT
DEMAND FOR JURY TRIAL
DESIGNATION OF TRIAL ATTORNEY
AND DEMAND FOR TRANSCRIPTION AND
DEMAND FOR ANSWERS TO
INTERROGATORIES**

---

Plaintiffs, Robin Ruggiero and Andrew Ruggiero, residing at 1866 Hinds Road in the Township of Toms River, County of Ocean and State of New Jersey, complaining of the Defendants, depose and say:

### JURISDICTION

1. The Plaintiff is a citizen of the State of New Jersey residing at 1866 Hinds Road, Toms River, Ocean County, New Jersey.

2. The Defendant, United States of America, is a public entity.

3. By passage of the Federal Tort Claims Act, 28 U.S.C. Section 1346(b) and 28 U.S.C. Section 2671-2680, the Defendant, United States of America, has consented to be sued in actions sounding in tort and Section 1346(b) of said Act specifically grants the Federal District Courts exclusive jurisdiction over torts allegedly committed by the Defendant, United States of America, its agencies, agents, servants and/or employees.

4. The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1346(b) and upon 28 U.S.C. Section 1331 in that it arises under the laws of the United States of America.

5. The amount in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs.

6. Plaintiff presented her claim to the appropriate federal agency, U.S. Department of Health & Human Services, Office of General Counsel, General Law Division, 330 Independent Avenue, SW, Washington, DC on or about February 5, 2009.

7. More than six months have elapsed since the filing of said claim without any final disposition of said claim and accordingly, pursuant to 28 U.S.C. Section 2675(a), said claim has been denied and Plaintiff has exhausted her administrative remedies.

8. The claims of Plaintiff asserted herein involve claims of medical negligence by Defendant, Dr. Kala Shankar, in the course of her employment and agency with Defendant, Ocean Health Initiatives, Inc. On information and belief, Ocean Health Initiatives, Inc. is a Federally Qualified Health Center and as such, its medical providers are covered under the Federal Tort Claims Act.

**FIRST COUNT**

9. At all times relevant herein, Defendant, Ocean Health Initiatives, Inc., was a partnership, association and/or professional corporation engaged in providing medical services at its principal location of 301 Lakehurst Road, Toms River, NJ, and holding itself out to the general public as a facility providing reasonably competent medical care and employing reasonably skilled medical personnel.

10. Defendant, Ocean Health Initiatives, Inc., as a partnership, association and/or professional corporation engaged in providing medical services, owed a duty to provide its patients with reasonably competent medical personnel who exercise the requisite degree of skill, care and judgment exercised by other similar medical personnel in their profession.

11. At all times relevant herein, Defendants, Kala Shankar, M.D., was a medical doctor and/or other licensed medical provider licensed by, and practicing in the State of New Jersey, and employed by, or was a partner, associate or otherwise was affiliated with the medical facility of Defendant, Ocean Health Initiatives, Inc..

12. Defendant, Kala Shankar, M.D., as a medical doctor licensed by, and practicing in the State of New Jersey, owed a duty to perform all necessary procedures to properly diagnose and/or treat her patients with the requisite degree of skill, care and judgment exercised by other physicians and/or medical providers practicing in the profession.

13. As aforesaid, on information and belief, Ocean Health Initiatives, Inc. is a Federally Qualified Health Center and as such, its medical providers are covered under the Federal Tort Claims Act.

14. On or about September 14, 2007, Plaintiff, Robin Ruggiero, came under the care and treatment of Defendants, Kala Shankar, and Ocean Health Initiatives, Inc.

15. On or about February 29, 2008, Defendant, Kala Shankar, M.D., did so negligently and carelessly examine and/or treat Plaintiff, so as to perform unnecessary and inappropriate surgery to remove a Bartholin cyst causing significant deformity in the left labia with decreased sensation and pain.

16. As a direct and proximate result of the negligence of Defendant, Kala Shankar, M.D., Plaintiff, Robin Ruggiero was deprived appropriate medical treatment and was caused to suffer from the aforesaid condition and was as caused to sustain and did sustain serious and permanent injuries requiring care and treatment from other physicians and was caused to incur medical expenses and was otherwise damaged.

17. Defendant, Ocean Health Initiatives, Inc., is liable for the negligence of Defendant, Kala Shankar, M.D., under the doctrine of respondeat superior.

18. Defendant, United States of America is liable for the negligence of Defendant, Ocean Health Initiatives, Inc., as a Federally Qualified Health Center, as well as its agents, servants and/or employees, including of Defendant, Kala Shankar, M.D.

WHEREFORE, Plaintiffs, Robin Ruggiero and Andrew Ruggiero, demand judgment against Defendants, Ocean Health Initiatives, Inc., Kala Shankar, M.D., United States of America, jointly, severally or in the alternative, in the amount of their damages, together with interest and costs of suit.

## SECOND COUNT

19. Plaintiffs, Robin Ruggiero and Andrew Ruggiero, repeat and reallege each and every allegation of the First Count of the Complaint as though set forth herein more fully at length.

20. At all times relevant herein, Plaintiff, Robin Ruggiero was the lawful spouse of Plaintiff, Andrew Ruggiero.

21. As a direct and proximate result of the negligence of Defendants, Ocean Health Initiatives, Inc., and/or Kala Shankar, M.D., Plaintiff, Andrew Ruggiero was caused to be deprived of the services,

society, companionship and consortium of Plaintiff, Robin Ruggiero, was caused to incur medical expenses, and was otherwise damaged.

WHEREFORE, Plaintiffs, Robin Ruggiero and Andrew Ruggiero, demand judgment against Defendants, Ocean Health Initiatives, Inc., Kala Shankar, M.D., United States of America, jointly, severally or in the alternative, in the amount of their damages, together with interest and costs of suit.

JAVERBAUM WURGAFT HICKS KAHN
WIKSTROM & SININS
Attorneys for Plaintiffs

by: _____
Robert G. Hicks

**DEMAND FOR TRIAL BY JURY**

Plaintiffs hereby demand a Trial by jury as to all issues.

JAVERBAUM WURGAFT HICKS KAHN
WIKSTROM & SININS
Attorneys for Plaintiffs

by: _____
Robert G. Hicks

DATED: January 19, 2010