NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Robin RUGGIERO and Andrew RUGGIERO,

    Plaintiffs,

v.

UNITED STATES OF AMERICA, OCEAN HEALTH INITIATIVES, INC., and Dr. Kala SHANKAR,

    Defendants.

Civ. No. 10-459

OPINION & ORDER

THOMPSON, U.S.D.J.

    This matter comes before the Court upon Defendant United States of America's Motion to Dismiss [docket # 6]. Plaintiffs have not filed an opposition.

    Plaintiff Robin Ruggiero filed this lawsuit on January 21, 2010, alleging medical malpractice against Defendants Ocean Health Initiatives and Dr. Shankar. Her husband, Plaintiff Andrew Ruggiero, has filed claims for medical expenses and deprivation of services, companionship, and consortium resulting from the alleged malpractice. On April 1, 2010, the United States substituted itself as the sole defendant in this case under the Federal Tort Claims Act ("FTCA"), certifying that both Ocean Health Initiatives and Shankar were acting within the scope of federal employment at all times and places relevant to this action. *See* 28 U.S.C. § 2679(d). Under the FTCA, the United States may, in many circumstances, be held liable for the tortious conduct of its employees. *See* 28 U.S.C. § 2674. However, an action may not be maintained against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). In this case, the relevant agency is the U.S. Department of

1

Health and Human Services ("DHHS"). This administrative claim requirement is jurisdictional and cannot be waived. *Livera v. First Nat'l State Bank of New Jersey*, 879 F.2d 1186, 1194 (3d Cir. 1989).

The United States has now moved to Dismiss Plaintiff Andrew Ruggiero's claims for lack of subject matter jurisdiction.[1] A defendant can contest subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) in two different ways. On the one hand, a defendant can argue that it is clear from the language of the Complaint that the Court lacks subject matter jurisdiction. This is referred to as a "facial attack," and in resolving such an attack, the Court simply examines the pleadings, accepting the plaintiff's allegations as true. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Alternatively, a defendant may argue that the actual facts of the case are such that the Court lacks subject matter jurisdiction. This is referred to as a "factual attack." When a defendant makes a factual attack, the Court does not accept the allegations in the Complaint as true, and the plaintiff bears the burden of producing evidence showing that there is federal jurisdiction. *Id.* However, the Court must not reach the merits of a plaintiff's claim in resolving a motion to dismiss for lack of subject matter jurisdiction. *CNA v. United States*, 535 F.3d 132, 144 (3d Cir. 2008) (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178-79 (3d Cir. 2000)). This means that the analysis of a Rule 12(b)(1) motion is altered somewhat when jurisdictional issues and the merits of the case involve overlapping issues of proof. *Id.* at 143. In such a situation, the plaintiff still must produce evidence showing that there is federal jurisdiction, but the Court requires "less in the way of jurisdictional proof than would be appropriate at a trial stage." *Id.* (quoting *Gould*, 220 F.3d at 178).

The United States has made a factual attack on the Court's jurisdiction. In this instance, the facts surrounding jurisdiction—whether or not Andrew Ruggiero submitted a claim to

---

[1] The United States does not contest this Court's jurisdiction over Robin Ruggiero's claims.

DHHS—are not intertwined with the merits of this case, which involve issues of medical malpractice. Therefore, the burden is squarely on Plaintiffs to come forward with evidence showing that they have complied with the procedural requirements of the FTCA.

Plaintiff Andrew Ruggiero has not provided the Court with any evidence that he ever filed his own claim with DHHS or that his wife asserted a claim on his behalf when she submitted her own claim to DHHS. The FTCA requires that, when a person wishes to file a loss of services or loss of consortium claim against the United States, either that person must submit an independent claim or else that person's spouse must file a claim on his or her behalf. *E.g., Pipkin v. U.S. Postal Serv.*, 951 F.2d 272, 273 (10th Cir. 1991); *Johnson v. United States*, 704 F.2d 1431, 1442 (9th Cir. 1983); *Dugan v. Coastal Indus., Inc.*, 96 F. Supp. 2d 481, 485 (E.D. Pa. 2000). An attorney for DHHS has submitted an affidavit attesting that Andrew Ruggiero has not filed an administrative claim himself, nor has any person filed a claim on his behalf. Plaintiffs have not opposed this assertion. Therefore, Andrew Ruggiero has not satisfied the jurisdictional prerequisites of the FTCA, and the Court lacks jurisdiction over his claim.

For the foregoing reasons, it is ORDERED, this 11th day of May, 2010, that Defendant's Motion to Dismiss [6] is GRANTED; and it is further

ORDERED that Plaintiff Andrew Ruggiero's claims are DISMISSED.

        */s/ Anne E. Thompson*
        ANNE E. THOMPSON, U.S.D.J.