PAUL J. FISHMAN
United States Attorney
By: MARK C. ORLOWSKI
Assistant U.S. Attorney
402 East State Street, Room 430
Trenton, New Jersey 08608
(609) 989-0564
Attorney for defendant,
United States of America

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBIN RUGGIERO and ANDREW RUGGIERO, | HONORABLE ANNE E. THOMPSON |
| Plaintiffs, | Civil Action No. 10-459 |
| v. | |
| UNITED STATES OF AMERICA, | **STIPULATION OF COMPROMISE SETTLEMENT RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS** |
| Defendant. | **PURSUANT TO 26 U.S.C. § 2677** |

It is hereby stipulated by and between the undersigned Plaintiff, Robin Ruggiero ("Plaintiff" or "Ruggiero"), and the United States of America, by and through their respective attorneys, as follows:

1. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Settlement Agreement.

2. The United States of America agrees to pay to Plaintiff the sum of Forty Thousand dollars ($40,000.00), which sum shall

1

be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this action, including any claims for wrongful death, for which Plaintiff or her guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants, and employees.

3. Plaintiff and her guardians, heirs, executors, administrators or assigns hereby agree to accept the sums set forth in this Stipulation of Compromise Settlement in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and her

2

guardians, heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America, its agents, servants, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiff or their guardians, heirs, executors, administrators or assigns against any third party or against the United States of America, including claims for wrongful death.

4.  This stipulation for compromise settlement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States of America, its agents, servants, or employees, and it is specifically denied that they are liable to the Plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

5.  It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the Plaintiff will be paid out of the settlement amount and not in addition thereto.

6.  It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this

action shall not exceed 25 percent of the amount of the compromise settlement.

7. The persons signing this Settlement Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement. In the event any plaintiff is a minor or a legally incompetent adult, the Plaintiff must obtain Court approval of the settlement at her expense. Plaintiff agrees to obtain such approval in a timely manner: time being of the essence. Plaintiff further agrees that the United States of America may void this settlement at its option in the event such approval is not obtained in a timely manner. In the event Plaintiff fails to obtain such Court approval, the entire Stipulation For Compromise Settlement And Release and the compromise settlement are null and void.

8. Payment of the settlement amount will be made by check drawn on the United States Treasury for Forty Thousand dollars ($40,000.00) and made payable to Robin Ruggiero, Plaintiff, and Javerbaum, Wurgaft, Hicks, Kahn, Wikstrom & Sinins, Plaintiff's attorney. The check will be mailed to Plaintiff's attorney at the following address: 959 Springfield Avenue, Springfield, New Jersey 07081. Plaintiff's attorney agrees to distribute the settlement proceeds among the Plaintiff.

9. The parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the Plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

10. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

JAVERBAUM, WURGAFT, HICKS,
KAHN, WIKSTROM & SININS

_____
ROBERT G. HICKS, ESQ.
Attorney for Plaintiff,
Robin Ruggiero

Dated: 7/22/2011

PAUL FISHMAN
United States Attorney

_____
MARK C. ORLOWSKI
Assistant U.S. Attorney

Dated: 7/25/2011

ROBIN RUGGIERO

_____
Robin Ruggiero, Plaintiff

Dated: 7/22/2011

5